UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RHONDA D. LORA-SERRANO,

                       Plaintiff,

     -against-

CWA LOCAL 1032,

                       Defendant.
------------------------------------------------------------x

FILED
CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y. 11/14/13
★ NOV 12 2013 ★
BROOKLYN OFFICE

MEMORANDUM & ORDER

13-cv-03941 (ENV) (LB)

VITALIANO, D.J.,

       Plaintiff Rhonda D. Lora-Serrano, filed this *pro se* action on October 11, 2013 against her former union, CWA Local 1032 ("the union") pursuant to, *inter alia*, Section 301 of the Labor Management Relations Act, 1947, as codified, 29 U.S.C. § 185 ("LMRA"); 42 U.S.C. § 1983; Title VII of the Civil Rights Act of 1964, as codified at 42 U.S.C. §§ 2000e-2000e-17 ("Title VII"); the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634 ("ADEA"); and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"). Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, the complaint is dismissed with prejudice.

## Background

       Plaintiff's cause of action is exactly the same as that raised in a complaint she filed against the union in this Court on April 4, 2011. *See Lora-Serrano v. CWA*

1

*Local 1032*, No. 11-CV-1682, Dkt. No. 1.[1] By Memorandum and Order dated February 1, 2012, the Court dismissed Lora-Serrano's amended complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6). *Id.*, Dkt. No. 19. The Clerk of Court entered judgment in the case on February 7, 2012. *Id.*, Dkt. No. 20. On April 11, 2013, the Second Circuit dismissed Lora-Serrano's appeal as not timely filed. *Id.*, Dkt. No. 29.

## Discussion

Lora-Serrano's instant action is barred by the doctrine of *res judicata*. Under the doctrine of *res judicata*, or claim preclusion, "a final judgment on the merits of an action precludes the parties . . . from relitigating issues that were or could have been raised in that action." *St. Pierre v. Dyer*, 208 F.3d 394, 399 (2d Cir. 2000) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). "[O]nce a final judgment has been entered on the merits of a case, that judgment will bar any subsequent litigation by the same parties . . . concerning the transaction, or series of connected transactions, out of which the [first] action arose." *Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205 (2d Cir. 2002) (quoting *Maharai v. Bankamerica Corp.*, 128 F.3d 94, 97 (2d Cir. 1997)) (alteration in original); *see also L–Tec Elecs. Corp. v. Cougar Elec. Org., Inc.*, 198 F.3d 85, 88 (2d Cir. 1999) (concluding that claims were barred by res judicata when plaintiff's "new claims [were] based on

---

[1] Lora-Serrano has filed another related action in this Court against her former employer, the Port Authority of New York and New Jersey ("the Port Authority"). *See Lora-Serrano v. Port Authority of New York & New Jersey*, No. 11-CV-2968, filed June 15, 2011. That case is still pending.

different legal theories rather than different facts and, accordingly, could have been raised in the original complaint.").

Here, Lora-Serrano raises claims that arise out of the same facts as those she alleged in her prior action—essentially that she was repeatedly treated poorly and ill represented by the union in relation to her employment at the Port Authority. Because nothing in the complaint suggests a new claim, this action is barred by the doctrine of *res judicata*. *See Husain v. Smarte Carte Inc.*, No. 11-CV-5605, 2011 WL 6204990, at *1 (E.D.N.Y. Dec. 12, 2011) (complaint is barred by *res judicata* because plaintiff attempted "to re-litigate the same claims plaintiff asserted unsuccessfully before.").

## Conclusion

Accordingly, this action is dismissed with prejudice. Lora-Serrano is cautioned not to file repetitious and duplicative actions in this Court. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
November 12, 2013

/S/ Judge Eric N. Vitaliano
_____
ERIC N. VITALIANO
United States District Judge